UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6491 FMO (JCx) | Date | September 30, 2018 |
|---|---|---|---|
| Title | Canal A Media Holding, LLC, et al. v. United States Citizenship and Immigration Services, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff: | | Attorney Present for Defendants: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Re: Motion to Dismiss, or, In the Alternative, Motion to Transfer

On September 1, 2017, plaintiffs Erick Archila ("Archila") and Canal A Media Holding, LLC ("Canal A Media") filed suit against the U.S. Citizenship and Immigration Services ("USCIS"), the U.S. Department of Homeland Security ("DHS"), James McCament, Acting Director of the USCIS, ("McCament"), Elaine C. Duke, Acting Secretary of Homeland Security ("Duke"), and Kathy A. Baran, Director of the USCIS California Service Center ("Baran") (collectively, "defendants"), challenging the USCIS's denial of Canal A Media's nonimmigrant visa petition and change of immigrant status application on behalf of Archila. (Dkt. 1, "Complaint"). Defendants filed the instant Motion to Dismiss, or, In the Alternative, to Transfer Venue, (Dkt. 11, Motion), seeking to dismiss the case for lack of jurisdiction or to transfer the case to the Southern District of Florida, pursuant to 28 U.S.C. § 1404(a). (See id. at 1). Having reviewed and considered all the briefing filed with respect to defendants' Motion, the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**BACKGROUND**

Archila entered the United States on May 31, 2016, and was admitted on a B-2 tourist visa. (See Dkt. 1, Complaint at ¶ 6); see also 8 U.S.C. § 1101(a)(15)(B); 8 C.F.R. §§ 214.1(a)(I), 214.2(b). On October 17, 2016, Canal Antigua, a Central American company and television channel, created Canal A Media, a wholly-owned U.S. subsidiary company. (See id.; Dkt. 15, Plaintiffs' Opposition [] ("Opp.") at 6). On November 25, 2016, Canal A Media filed an I-129 Petition for a Nonimmigrant Worker on behalf of Archila, seeking to change Archila's status from B-2 visitor to L-1A executive so that Canal A Media could employ him as president of the company. (See Dkt. 1, Complaint at ¶ 7). Although Archila's B-2 status expired on November 29, 2016, Archila remained in the country in an authorized immigration status based on this pending petition. (See Dkt. 1, Complaint at ¶ 8); see also 8 U.S.C. §§ 1258(a), 1182(a)(9)(B)(iv).

On December 21, 2016, without having adjudicated Canal A Media's petition, DHS initiated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6491 FMO (JCx) | Date | September 30, 2018 |
|---|---|---|---|
| Title | Canal A Media Holding, LLC, et al. v. United States Citizenship and Immigration Services, et al. | | |

removal proceedings against Archila. (See Dkt. 1, Complaint at ¶ 8). DHS charged Archila with overstaying his B-2 visa under the Immigration and Nationality Act (INA) § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B). (Id.).

Canal A Media filed a separate request to expedite its I-129 petition on behalf of Archila, to which DHS responded on April 20, 2017, with a Request for Evidence ("RFE"). (See Dkt. 1, Complaint at ¶¶ 9-10). Canal A Media timely responded to the RFE, (see id. at ¶ 10), and DHS ultimately denied its petition on July 24, 2017. (See id. at ¶ 11).

Removal proceedings against Archila are still ongoing. (See Dkt. 1, Complaint at ¶ 15). On May 26, 2017, Archila filed an asylum application on the basis of persecution and threats he has faced in Guatemala because of his tenure in the government. (See id.).

**DISCUSSION**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The purpose of § 1404(a) is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Metz v. U.S. Life Ins. Co. in City of New York, 674 F.Supp.2d 1141, 1145 (C.D. Cal. 2009) (internal quotation marks omitted). "The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer." Lax v. Toyota Motor Corp., 65 F.Supp.3d 772, 776 (N.D. Cal. 2014) (citing Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979)).

"Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir.), cert. denied, 531 U.S. 928 (2000) (internal quotation marks omitted). "This provision gives a district court broad discretion to transfer a case to another district where venue is also proper." Amini Innovation Corp. v. JS Imports, Inc., 497 F.Supp.2d 1093, 1108 (C.D. Cal. 2007). While there is no definitive list, courts typically look to some or all of the following factors to determine whether transfer to the alternative forum is proper: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the ease of access to the evidence; (5) the familiarity of each forum with the applicable law; (6) the feasibility of consolidation of other claims; (7) any local interest in the controversy; (8) the relative court congestion in each forum; and (9) the availability of compulsory process. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir.1986); Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex., 571 U.S. 49, 62 n. 6, 134 S.Ct. 568, 581 n. 6 (2013) (describing "[f]actors relating to the parties' private interests" and "[p]ublic-interest factors" for a court to consider in determining whether to transfer an action); Jones, 211 F.3d at 498-99 (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6491 FMO (JCx) | Date | September 30, 2018 |
|---|---|---|---|
| Title | Canal A Media Holding, LLC, et al. v. United States Citizenship and Immigration Services, et al. | | |

The first step in deciding whether a § 1404(a) transfer is appropriate is to determine whether venue is proper in this district and whether the case could have been brought in the transferee district. See Metz, 674 F.Supp.2d at 1145; see also 28 U.S.C. § 1404(a). Here, the parties do not dispute that venue is proper in this district, (see, generally, Dkt. 11, Motion; Dkt. 15, Opp.; see also Dkt. 1, Complaint at ¶¶ 30-31 (outlining basis for venue)), or that the case could have been brought in the Southern District of Florida. (See Dkt. 11 Motion at 12); (Dkt. 15, Opp. at 23) ("[T]his action could arguably be brought in the Southern District of Florida (the district where Plaintiffs reside)[.]").

Next, the court weights various factors of convenience and fairness, beginning with plaintiff's choice of forum, which is "generally accorded" "great weight[.]" Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987), cert. denied, 485 U.S. 993 (1988). However, that choice is entitled to "considerably less [deference] where [the] plaintiff does not reside in the forum where the action was commenced." Exact Identification Corp. v. Feldman Sherb & Co., P.C., 2006 WL 236921, *2 (E.D. Cal. 2006); see, e.g., Stone v. U.S. Sec. Assocs, Inc., 2015 WL 2438029, *3 (N.D. Cal. 2015) (same). In this case, neither plaintiff resides in this district. Archila lives in Miami and Canal A Media's principal place of business is also in Miami. (See Dkt. 1, Complaint at ¶¶ 21-22). Accordingly, the court accords plaintiff's choice of forum little weight.

The court next considers the convenience of the parties. As noted above, plaintiffs are residents of the Southern District of Florida. Meanwhile, defendants are federal agencies and officials, sued in their official capacities. (See Dkt. 1, Complaint at ¶¶ 23-27). Plaintiffs have made no showing that they would suffer any inconvenience if they were required to litigate in the Southern District of Florida. (See, generally, Dkt. 15, Opp.). Indeed, the parties are already litigating a case there with respect to Archila's immigration status. (See Dkt. 1, Complaint at ¶ 15; Dkt. 11, Motion at 2 & 12-13; Dkt. 15, Opp. at 24). At minimum, transferring this case to the Southern District of Florida would be no less convenient for any party, and would likely be more convenient for plaintiffs. In short, this factor favors transfer.

With respect to the convenience of witnesses, ease of access to evidence, and availability of compulsory processes, defendants contend, which plaintiffs do not dispute, that this case will likely be decided on the basis of the administrative record, without the need to call any witnesses. (See Dkt. 11, Motion at 14) ("The merits of this action will most likely be resolved . . . based on the administrative records[.]"); (see, generally, Dkt. 15, Opp.); (see also Dkt 1, Complaint at ¶¶ 32-36 & 40-42 (challenging administrative decision under the Administrative Procedures Act ("APA"). Notably, plaintiffs do not identify the names or locations of any witnesses expected to testify. (See, generally, Dkt. 15, Opp.). Nevertheless, plaintiffs assert that "this District is a more convenient venue for any potential witnesses, and the ability of the parties to obtain evidence [because] [t]he adjudicators of the petition underlying this action reside in the District, and the administrative record as well as other potential evidence germane to the action is likely located at Defendants' office in the District." (Dkt. 15, Opp. at 23). Plaintiffs' assertions are unpersuasive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6491 FMO (JCx) | Date | September 30, 2018 |
|---|---|---|---|
| Title | Canal A Media Holding, LLC, et al. v. United States Citizenship and Immigration Services, et al. | | |

The adjudicators' residence is irrelevant where the case is going to be decided on the administrative record.  See Stewart v. Azar, 308 F.Supp.3d 239, 248 (D.D.C. 2018) ("[B]ecause this is an APA case, the convenience of witnesses and the ease of access to sources of proof are not likely to be relevant here.") (internal quotation marks and citation omitted); Sierra Club v. Flowers, 276 F.Supp.2d 62, 69 (D.D.C. 2003) ("[T]he location of witnesses is not a significant factor" in judicial review of agency action.).  Moreover, while the administrative record may have been created in this district, "[t]he cost of copying and shipping . . . administrative records is negligible and would be required regardless [of the venue in] which . . . this dispute is litigated." Cary v. Hall, 2006 WL 6198319 (N.D. Cal. 2006); see Frias v. Aetna Life Ins. Co., 2014 WL 5364105, *5 (N.D. Cal. 2014) ("[T]he pertinent evidence in this action will likely be contained in the Plaintiff's claim file, which is in Defendants' possession and would be provided to Plaintiff with indistinguishable levels of inconvenience regardless of the district in which this case is litigated."). Thus, because this case will be decided on the basis of an administrative record, the court "need not consider" the convenience of witnesses and the ease of access to sources of proof.  See Bergmann, 710 F.Supp. 2d at 74-75; Intrepid, 669 F.Supp.2d at 98 ("Given the nature of [plaintiffs'] claims, it is unlikely that a transfer would materially affect the convenience of the . . . witnesses, or the ability to obtain sources of proof.").

Further, while plaintiffs state that "[t]he adjudicators of the petition underlying this action reside in the [Central] District[,]" they do not indicate an intention to call those adjudicators as potential witnesses.  (See Dkt. 15, Opp. at 23).  Nor do they identify any other witnesses who they intend to call, either voluntarily or via subpoena.  (See, generally, Dkt. 11, Motion; Dkt. 15, Opp.). Absent identification of any witnesses who will testify or are unwilling to testify, the availability of compulsory processes in each district is irrelevant.  See Adab v. U.S. Citizenship & Immigration Servs., 2015 WL 6249563, *6 (C.D. Cal. 2015) ("[Availability of compulsory processes] does not appear relevant because neither party identifies any witnesses whose testimony might need to be compelled.").  Finally, because this case arises under federal statutes, this court and the Southern District of Florida are "equally familiar with the applicable law in this case, and the familiarity of each forum with applicable law is neutral with respect to transfer.  Similarly, because there are no related claims, the feasibility of consolidation is irrelevant, and is therefore a neutral factor." Frias, 2014 WL 5364105, at *4 (internal citation omitted).  In short, under the circumstances of this case, the court finds that "the convenience of witnesses and the ease of access to sources of proof, are neutral with respect to transfer[.]" Defs. of Wildlife v. Jewel, 74 F. Supp. 3d 77, 85 (D.D.C. 2014) (internal quotation marks omitted).

The court next considers the local interest in this case of this district and the Southern District of Florida.  Plaintiffs contend that "[this] District has a local interest in having the conflict resolved here [because] Defendants regularly adjudicate petitions like the one underlying this action in this District . . . [so] it would be prudent for this Court to . . . provid[e] uniform norms for Defendants to adjudicate said petitions."  (Dkt. 15, Opp. at 23).  In addition, plaintiffs cite Bourdon v. DFS, 235 F.Supp.3d 298, 305 (D.D.C. 2017), for the proposition that the location of the USCIS office that adjudicated plaintiffs' petition in this District "supports maintaining venue here."  (Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6491 FMO (JCx) | Date | September 30, 2018 |
|---|---|---|---|
| Title | Canal A Media Holding, LLC, et al. v. United States Citizenship and Immigration Services, et al. | | |

15, Opp. at 24).  Plaintiffs' contentions are unpersuasive.

      First, while it may be true that defendants regularly adjudicate such petitions in this district, it is also true that the USCIS offices around the country do so as well.  (See USCIS, Field Offices, www.uscis.gov/about-us/find-uscis-office/field-offices) (listing ten field offices in Florida alone).  Second, given that this case involves a Florida company and a Florida resident – who is currently undergoing removal proceedings in Florida – the outcome of this case will principally affect residents of Florida.  See, e.g., Akiachak Native Cmty. v. Dep't of Interior, 502 F.Supp.2d 64, 68 (D.D.C. 2007) (finding, in case brought under federal law, that local interest factor weighed in favor of transfer, because although case could have national impact, effects would principally be felt in transferee district).  Third, the case plaintiffs rely on emphasized that the plaintiffs were residents of the same district where the USCIS field office was located.  See Bourdon, 235 F.Supp.3d at 305.  Here, plaintiffs are not residents of the district where the USCIS office is located.

      This case presents a controversy over the application of the federal law to specific residents of the Southern District of Florida.  "[Florida] has a great interest in protecting its citizens from the unreasonable actions of [a government agency]."  Coronel v. GEICO Ins. Agency, Inc., 2013 WL 3270574, *4 (D. Ariz. 2013); see also Zumba Fitness, LLC v. Brage, 2011 WL 4732812, *8 (C.D. Cal. 2011) (stating, in trademark case, that "California has a strong interest in protecting its citizens from trademark infringement and consumer confusion").  As such, the local interest factor favors transfer.  See, e.g., Frias, 2014 WL 5364105, at *5 (finding that local interest weighed in favor of transfer to Arizona where case involved the rights of Arizona citizens, employed in Arizona, claiming insurance benefits, in spite of fact that at least one of the defendants resided in California); M.K. v. Visa Cigna Network POS Plan, 2013 WL 2146609, *4 (N.D. Cal. 2013) (finding, in case arising under federal Employee Retirement Income Security Act of 1974, that Utah had "more of an interest" in the controversy than the Northern District of California because the plaintiff resided, worked, and received medical treatment in Utah).

      The final factor the court considers is docket congestion.  "The key inquiry in docket congestion is whether a trial may be speedier in another court because of its less crowded docket.  This factor turns on whether efficient and expeditious administration of justice would be furthered by transfer."  Baker v. Bayer Healthcare Pharm, Inc., 2015 WL 4456085, *4 (N.D. Cal. 2015) (internal citations and quotation marks omitted).  Neither party addressed this factor.  (See, generally, Dkt. 11, Motion; Dkt. 15, Opp.; Dkt. 16, Reply).  However, because docket congestion is similar in the two districts, (see Administrative Office of the U.S. Courts, U.S. District Courts Combined Civil and Criminal Federal Court Management Statistics at 68 & 92, available at http://www.uscourts.gov/statistics-court-management-statistics-June-2018 (June 30, 2018) (listing, for Southern District of Florida, 659 total cases per judgeship this year, and 4.1 months average from filing to disposition; for Central District of California, 620 cases per judgeship, and 5.0 months average from filing to disposition), the court finds this factor is neutral.  In any event, "[r]elative court congestion is at best, a minor factor in the section 1404 calculus."  Geo. F. Martin Co. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6491 FMO (JCx) | Date | **September 30, 2018** |
|---|---|---|---|
| Title | **Canal A Media Holding, LLC, et al. v. United States Citizenship and Immigration Services, et al.** | | |

Royal Ins. Co. of Am., 2004 WL 1125048, *6 (N.D. Cal. 2004) (internal quotation marks omitted).

In sum, a consideration of the § 1404(a) factors favors transfer. Although plaintiffs filed the instant action in this District, their choice is afforded considerably less weight because they are not residents of this district. Two factors – convenience of the parties and local interest – weigh in favor of transfer, and none of the other factors weigh against transfer. Given that the balance of factors favors transfer, the court will exercise its "broad discretion" to transfer the case to the Southern District of Florida.[1]  See Amini Innovation Corp., 497 F.Supp.2d at 1108.

## CONCLUSION

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss, or, In the Alternative, to Transfer Venue **(Document No. 11)** is **granted** in part and **denied** in part. The Motion is **granted** with respect to defendants' request to transfer the case to the Southern District of Florida. The Motion is denied without prejudice in all other respects.

2. The Clerk shall transfer this case forthwith to the United States District Court for the Southern District of Florida.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

[1] Given the court's decision with respect to defendants' motion to transfer, the court will not address the other issues raised in the motion to dismiss. See, e.g., Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 425, 127 S.Ct. 1184, 1188 (2007) ("[A] court need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case[.]").